IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| Janice Lott,<br><br>    Plaintiff,<br><br>    v.<br><br>Northrop Grumman Ship Systems, Inc.,<br><br>    Defendant. | No. 1:06-cv-00802-LG-RHW<br><br>**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES**<br><br>(Civil Rights-Employment)<br><br>Jury Trial Demanded |

**PRELIMINARY STATEMENT**

1. This action seeks injunctive and declaratory relief to prevent continuing, systemic, and unjustified race discrimination by the employer, NORTHROP GRUMMAN SHIP SYSTEMS, INC. ("NGSS"), with regard to the retention, terms and conditions of employment, treatment, and promotion and transfer of Black employees at NGSS, including severe, pervasive, and ongoing harassment of Black employees through longstanding maintenance of a racially hostile work environment.  In addition to injunctive and declaratory relief, and all other available equitable relief, plaintiff seeks compensatory and punitive damages.

**JURISDICTION**

2. This suit is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. §§ 2000e *et seq*. ("Title VII"); and Civil Rights Act of 1866, 42 U.S.C. § 1981 ("1981").  Jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 2000e-5(f), 28 U.S.C. §§ l343 (3)&(4); 28 U.S.C. § 1331 and 28 U.S.C. § 1337.  Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 & 2202.

Plaintiff Janice Lott's Complaint for
Injunctive and Declaratory Relief and Damages
No. 1:06-cv-00802-LG-RHW

1

## PARTIES

3. Janice Lott is a Black employee of NGSS who has been employed by NGSS for over 12 years.

4. NORTHROP GRUMMAN SHIP SYSTEMS, INC. is a business that is engaged in the construction and refurbishing of seagoing vessels, both military and civilian. It is located in Pascagoula, Mississippi. It is an employer for purposes of Title VII. On the basis of information and belief, plaintiff alleges that NORTHROP GRUMMAN SHIP SYSTEMS, INC. is a successor in interest to INGALLS SHIPBUILDING COMPANY.

5. NGSS has received numerous contracts and substantial income from agencies and departments of the Federal Government, and because of the receipt of said contracts and income it is subject to Title VI of the Civil Rights Act of 1964, as amended. NORTHROP GRUMMAN SHIP SYSTEMS, INC., and its predecessor, INGALLS SHIPBUILDING COMPANY, therefore are, and have been, a federal contractor at all times relevant.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. All conditions precedent to jurisdiction pursuant to section 706 of Title VII of the Civil Rights Act of 1964, as amended, have been complied with to wit: an appropriate charge of employment discrimination has been filed with the Equal Employment Opportunity Commission, and a notice of right to sue was issued by the Equal Employment Opportunity Commission.

7. Plaintiff has filed a timely complaint based on the time limits contained in section 706 of Title VII of the Civil Rights Act of 1964, as amended.

8. On or about December 20, 2000, the Equal Employment Opportunity Commission issued a determination finding reasonable cause to believe that a racially hostile work environment existed at NGSS.

9. Attempts at conciliation regarding the finding of a racially hostile work environment, which was and is statutorily required, failed.

Plaintiff Janice Lott's Complaint for
Injunctive and Declaratory Relief and Damages
No. 1:06-cv-00802-LG-RHW

2

**PROCEDURAL BACKGROUND PRECEDING THIS COMPLAINT**

10. An initial complaint was filed in the United States District Court for the Southern District of Mississippi on March 21, 2001, in which eleven (11) persons, named as representative plaintiffs, and the organization, Ingalls Workers for Justice, alleged class-wide discrimination at NGSS on the basis of race. The case was assigned a case number of 1:01-CV-111(G)(R).

11. A First Amended Complaint was filed on April 26, 2001 in the initial case, additionally alleging maintenance of a racially hostile work environment at NGSS.

12. A Complaint in Intervention was filed on February 13, 2003 in the initial case, necessitated by the Court's dismissal of the following causes of action and parties from the First Amended Complaint on February 28, 2002:

   a) Dismissal of the class action allegations seeking compensatory and punitive damages;
   b) Dismissal of the claim for relief alleged pursuant to Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, *et seq.*;
   c) Dismissal of the claim for relief alleged pursuant to the Thirteenth Amendment to the U.S. Constitution;
   d) Dismissal of organizational plaintiff INGALLS WORKERS FOR JUSTICE;
   e) Dismissal of defendant LITTON INDUSTRIES; and
   f) Dismissal of defendant NORTHROP GRUMMAN.

13. A Second Amended Complaint was filed on April 7, 2003 in the initial case.

14. On or about March 16, 2004, the initial case was reassigned to the Honorable Louis Guirola, Jr., District Court Judge; on December 30, 2004, the Honorable Robert H. Walker, Magistrate Judge, was assigned to be the Magistrate Judge for the initial case.

15. On August 17, 2006, Magistrate Judge Walker entered an order entitled, "Order Requiring Separate Complaints," which, *inter alia*, severed the plaintiffs' claims from one another, and required the filing of new complaints and assignment of new case numbers for each of the individual plaintiffs in Case No. 1:01-CV-111(LG)(RHW).

Plaintiff Janice Lott's Complaint for
Injunctive and Declaratory Relief and Damages
No. 1:06-cv-00802-LG-RHW

3

16. At some point during the period of time from August 17, 2006 through September 7, 2006, plaintiff Janice Lott's severed action was assigned the case number of No. 1:06-cv-00802-LG-RHW.

## FACTUAL STATEMENT

## RACIAL DISCRIMINATION GENERAL ALLEGATIONS

17. The defendant, NGSS, has intentionally pursued and continues to pursue employment policies and practices that constitute systemic discrimination against plaintiff and other Black employees and that deprive or tend to deprive such persons of equal employment opportunities within NGSS.  NGSS has intentionally implemented these policies and practices, among other ways, as follows:

   a) By failing to treat Blacks on an equal basis with Whites.

   b) By using selection devices for promotions that have an adverse impact on Blacks, are not job related and have never been validated pursuant to the Uniform Guidelines on Employee Selection Procedures, and have more adverse impact than equally valid alternatives.

   c) By using evaluation procedures in the consideration of employees for promotions that discriminate against or illegally exclude Black employees from consideration.

   d) By failing to provide Black employees with equal opportunities for advancement within the company because of their race.  Black employees are denied promotions despite their qualifications and years on the job.  It is not uncommon for a Black employee to be denied a promotion at NGSS in an area she or he has worked in for twenty years and then be assigned to train a White employee with less seniority.

   e) By maintaining a double standard in the granting of promotions to White employees vis à vis Black employees.  Practices including cronyism, nepotism, word-of-mouth recruitment, failure to post or advertise employment opportunities, and/or the placement of White employees in acting positions have

Plaintiff Janice Lott's Complaint for
Injunctive and Declaratory Relief and Damages
No. 1:06-cv-00802-LG-RHW

4

      inured to the determent of Black employees historically.

   f) By restricting access to employment opportunities for Black employees and maintaining a workforce in which its supervisory and management personnel has been and continues to be predominately White.

   g) By engaging in a policy in which positions are actually filled even before they may be posted or advertised as an available position.

   h) By demoting Black employees at a disproportionate rate as compared to White employees.

   i) By retaliating against Black employees after they have complained or challenged, in any way, the discriminatory policies, procedures, and practices that permeate the work environment at NGSS.

   j) By denying Black employees opportunities to go on trips or sea trials where they would be able to earn substantial amounts of overtime.

   k) By maintaining a practice of "job steering," resulting in Black employees being assigned to, and then denied the opportunity to move out of, dangerous, dirty, and generally less desirable work areas because of their race.

   l) By instituting and allowing the continuance of a racially hostile work environment for Black employees.

18. This pattern or practice denies the full exercise of rights secured by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*, and the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981.

19. NGSS has been aware that its actions with regard to the treatment Black employees were and are in violation of federal statutes prohibiting discrimination on the basis of race.

## SPECIFIC CLAIMS FOR RELIEF
## TITLE VII AND § 1981

20. Plaintiff incorporates paragraphs 1 through 19, as though fully set forth herein.

21. Plaintiff has never been promoted in spite of plaintiff's 12 years at NGSS. Plaintiff

Plaintiff Janice Lott's Complaint for   5
Injunctive and Declaratory Relief and Damages
No. 1:06-cv-00802-LG-RHW

was qualified for the positions for which she applied, but has never been selected. The means used to determine plaintiff to be unqualified have never been validated pursuant to the Uniform Guidelines on Employee Selection Procedures. This has occurred in at least the following instance:

    a) In or around 1999, plaintiff applied for a Supervisor position in the Paint Department, a position for which plaintiff was qualified, but for which she was not selected because of her race. She was informed of the fact that she did not receive the promotion after calling the Personnel Office and being told that she did not receive the promotion. In this conversation, she was not told why she did not receive the promotion. Plaintiff knows that she was qualified for the position because she had been working there since January 1994, and she knew the job. In fact, Plaintiff had actually been performing many of the duties of the Supervisor position by training new members of the crew to perform their duties in the Paint Department.

22. Plaintiff has worked for 12 years in one or more of the departments at NGSS utilizing a position entitled "leaderman" or "half-hat." Based upon information and belief, plaintiff hereby alleges that no formal means of applying for the position of "leaderman" or "half-hat" at NGSS exist; however, plaintiff is aware that numerous White employees have been selected for the position of "leaderman" or "half-hat" without having made any such interest known. Plaintiff has made it known that she has been interested in being selected for the position of "leaderman" or "half-hat," however, plaintiff has never been selected for the position in spite of her 12 years at NGSS. Plaintiff has not been informed in any way that she was not qualified for the position of "leaderman" or "half-hat." The means used to determine that plaintiff would not be selected for a position, for which she was and is qualified, have never been validated pursuant to the Uniform Guidelines on Employee Selection Procedures.

23. Plaintiff has never been promoted in spite of plaintiff's 12 years at NGSS. Plaintiff has observed both that Black employees are not promoted in spite of their qualifications and

Plaintiff Janice Lott's Complaint for  
Injunctive and Declaratory Relief and Damages  
No. 1:06-cv-00802-LG-RHW

6

seniority as well as the lack of qualifications of White employees who have been promoted, and has observed that she herself was denied promotions due to her race, and therefore plaintiff has not applied for other promotive positions for which she was qualified, and plaintiff has never been selected for promotion to any such position.  The means used to determine that plaintiff would not be selected for a position, for which she was and is qualified, have never been validated pursuant to the Uniform Guidelines on Employee Selection Procedures.

24. Plaintiff has made her supervisor(s) aware that she desired to be chosen to participate in a working trip to Hawaii to finish work on a ship.  However, she has never been selected to participate in that or any other trip in spite of being qualified to be chosen, while her similarly situated White colleagues were selected to do so.  Furthermore, the selection process for participating in sea trials has never been validated pursuant to the Uniform Guidelines on Employee Selection Procedures.  Such denials have occurred in at least the following instances:

   a) About three years after beginning her employment at NGSS, plaintiff requested to go on a working trip to Hawaii, but was told she did not have enough seniority.  White colleagues with less seniority were selected to do go, however.

   b) Following the denial of her first request to go on the working trip to Hawaii, plaintiff requested to go on a second working trip to Hawaii, but was told she did not have enough seniority. White colleagues with less seniority were selected to go however.  She complained to her supervisor who offered no explanation.

25. Plaintiff has been subjected to racial job tracking that assigns Black employees at NGSS at a disproportionate rate as compared to White employees to the most undesirable, dirtiest, and dangerous employment environments in the workplace.   Plaintiff has been assigned to such employment environments in at least the following instances:

   a) On or about 1998 plaintiff was required to work on the Venezuelan Armada's LUPO class frigates while similarly situated White employees were either not assigned such work or would be allowed to remove themselves from that assignment.  On information and belief, those ships presented substantial threats

Plaintiff Janice Lott's Complaint for
Injunctive and Declaratory Relief and Damages
No. 1:06-cv-00802-LG-RHW

7

    to workers' health.  Protective clothing was not provided by defendant, and, therefore, plaintiff and others attempted to provide their own protection, such as gloves, coveralls, and masks.  Plaintiff suffered a severe rash and became physically ill as a result of her work on those ships.

  b) In or about 2001 or 2002, plaintiff was told she had to do certain jobs, including cleaning a deck that was to be painted, while similarly situated White co-workers were not made to undertake such work.  Mike Everhart, a White male Supervisor, made this comment to plaintiff while plaintiff was working in one of the berthing areas.  Plaintiff also recalls Mike Everhart telling her:  "I want to see elbows and ass-holes and that's where you're supposed to be, on your knees."  This comment was made to the workers, all of whom were Black, who were working in the berthing area.

 26. Plaintiff has been subjected to a hostile work environment based on plaintiff's race. Plaintiff has been exposed to offensive racially derogatory writings, depictions, and/or graffiti on a constant basis in a number of places at NGSS.  NGSS knows or should have known of the presence of offensive racially derogatory writings, depiction, and/or graffiti in its workplace, but has failed to take steps to prevent or correct promptly its occurrence.  Plaintiff has complained about being subjected to the offensive racially derogatory writings, depictions, and/or graffiti, but the response has always been insufficient to remedy the situation.  Plaintiff has not complained about each and every instance of having been exposed to the offensive racially derogatory writings, depictions, or graffiti because plaintiff believed it would be useless so to do, given the historical lack of sufficient response on the part of NGSS.  Such exposure has occurred in at least the following instances:

  a) Prior to and subsequent to the year 2000, most recently in 2005, plaintiff saw offensive racially derogatory writing, depictions, and/or graffiti in the women's bathrooms on the ships.  Plaintiff saw writing such as "Nigger go home, Nigger you don't need to be here," drawings of penises and the word "Nigger," and

Plaintiff Janice Lott's Complaint for                            8
Injunctive and Declaratory Relief and Damages
No. 1:06-cv-00802-LG-RHW

references to the KKK. In or around 1998 or 1999, plaintiff complained to her Foreman, Mike Everhart, and to Joe Moore, a Supervisor. The response that was forthcoming was insufficient to remedy the situation, however.

27. Plaintiff has been subjected to a hostile work environment based on plaintiff's race. Plaintiff has been exposed to White supervisory personnel and White non-supervisory employees using the term "nigger" or other racial epithets, including in jokes, on a constant basis in a number of places at NGSS. NGSS knows or should have known about use of the term "nigger" and other racial epithets by White supervisory personnel and White non-supervisory employees, but has failed to take steps to prevent or correct promptly its occurrence. Plaintiff has complained about being subjected to such offensive racial epithets, but the response has always been insufficient to remedy the situation. Plaintiff has not complained about each and every instance of having heard this or other racial epithets because plaintiff believed it would be useless so to do given the historical lack of sufficient response on the part of NGSS. Such exposure has occurred in at least the following instances:

    a) Plaintiff has heard White employees use the word "nigger," including Supervisor Fred Young, who used the word "nigger" around the time plaintiff first began working in the shipyard. Plaintiff heard White employees use the word "nigger" from the time she began working in the shipyard through about 1999. In 1999, plaintiff heard a White employee addressing a Black employee as "nigger" during an argument. One of the supervisors was standing nearby and heard the slur. Plaintiff reported it to the foreman, Mr. Sims, and the response that was forthcoming was insufficient to remedy the situation.

    b) In or about 2000 or 2001, plaintiff was told she had to do certain jobs, including cleaning a deck that was to be painted, because she was Black. Mike Everhart, a White male Supervisor, made this comment to plaintiff while plaintiff was working in one of the berthing areas. Plaintiff also recalls Mike Everhart telling her: "I want to see elbows and ass-holes and that's where you're supposed to be,

Plaintiff Janice Lott's Complaint for
Injunctive and Declaratory Relief and Damages
No. 1:06-cv-00802-LG-RHW

9

    on your knees." This comment was made to the workers, all of whom were Black, who were working in the berthing area.

  c) Plaintiff has heard derogatory racial remarks, including, "You don't need to be here; you're not smart enough"; and "You can't do the job. I can do the job better than you." These remarks were made to Black employees by various White work leadermen and supervisors, including: Thomas Page, White male work leaderman, and Mike Everhart, White male Supervisor. Plaintiff heard other White employees make similar comments or remarks, but cannot recall their identity. Plaintiff cannot recall the specific dates when these comments were made. Most of the comments were made on the main deck of various ships.

  d) Plaintiff has witnessed inappropriate touching, including White males placing their hands on Black women's buttocks, and grabbing them around their necks, when it was apparent that they did not want to be touched in that manner.

  e) Plaintiff has seen drawings of ropes around Black persons' necks in the engine room spaces and berthing areas of ships.

  f) Plaintiff has also seen makeshift dolls/dummies in the image of Black persons, including Aunt Jemima dolls with faces spray-painted Black in the engine rooms and berthing rooms of the ships.

  28. Plaintiff has been subjected to a hostile work environment based on plaintiff's race. Plaintiff has been exposed to nooses in a number of places at NGSS. NGSS knows or should have known about the presence of nooses, both actual and depicted in drawings, at its workplace, but has failed to take steps to prevent or correct promptly its occurrence. Plaintiff has complained about seeing these nooses, but the response has always been insufficient to remedy the situation. Plaintiff has not complained about each and every instance of having seen nooses at NGSS because plaintiff believed it would be useless to do so, given the historical lack of sufficient response on the part of NGSS. Such exposure has occurred in at least the following instances:

Plaintiff Janice Lott's Complaint for  10
Injunctive and Declaratory Relief and Damages
No. 1:06-cv-00802-LG-RHW

    a) On or about 2004, plaintiff observed a noose in the berthing area hanging from the ceiling at the shipyard. Plaintiff complained about this situation to her supervisor, Mike Everhart, and the response that was forthcoming was insufficient to remedy the situation.

    b) On or about 1996, plaintiff observed a noose hanging in the engine room at the shipyard. Plaintiff complained to Mike Everhart, who was her supervisor at the time, and the response that was forthcoming was insufficient to remedy the situation.

29. Plaintiff has been subjected to a hostile work environment based on plaintiff's race. The hostile work environment comprises and/or has culminated in the adverse treatment described in paragraphs 20 through 25, incorporated as though fully set forth herein.

30. Plaintiff has been subjected to a hostile work environment based on plaintiff's race. Plaintiff has been and is aware of the fact of presence of offensive racially derogatory writings, depictions, and/or graffiti; ubiquitous use of the word "nigger" and other racist epithets; and nooses at NGSS.

31. Plaintiff has been subjected to a hostile work environment based on plaintiff's race. Plaintiff has been and is aware of the fact that Black employees have not been provided equal opportunity with regard to upward job mobility.

32. The hostile work environment based on race to which plaintiff has been exposed is of a continuing and ongoing nature and constitutes a continuing violation of Title VII and § 1981.

33. NGSS has failed to take steps to remedy and correct promptly the harassing behavior occurring in its workplace. NGSS has failed to promulgate, disseminate, and enforce adequately an anti-harassment policy and failed to provide sufficient training to its employees regarding same. NGSS has failed to respond sufficiently to complaints regarding the harassment as set forth in paragraphs 26 through 32, incorporated as though fully set forth herein.

### APPROPRIATENESS OF EQUITABLE RELIEF

34. Plaintiff will suffer irreparable injury if the declaratory and injunctive relief requested

Plaintiff Janice Lott's Complaint for      11
Injunctive and Declaratory Relief and Damages
No. 1:06-cv-00802-LG-RHW

herein is not granted, because NGSS will make employment decisions on the basis of the discriminatory procedures and practices described herein or will not remediate the racially hostile work environment that exists in its workplace. If NGSS is not enjoined from engaging in discriminatory employment practices, plaintiff will be deprived of career opportunities, which plaintiff otherwise would have been able to pursue, but for NGSS's discriminatory employment practices.

35. No plain, adequate, or complete remedy at law is available to plaintiff.  Monetary relief cannot adequately compensate the loss of promotional opportunities, experience, and careers with NGSS.  Similarly, monetary relief cannot adequately compensate the continued subjection to a racially hostile work environment.

36. Unless restrained by order of this Court, NGSS will continue to pursue policies and practices, which are the same as, or similar to those alleged above.

## FIRST CLAIM FOR RELIEF

37. Plaintiff refers to and incorporates by reference the allegations contained in paragraphs 1 through 36 and further alleges for a first claim for relief as follows:

38. Defendant has intentionally failed to provide plaintiff equal employment opportunities by discriminating against plaintiff on the basis of race with regard to treatment and promotions at NGSS.  NGSS's unequal treatment of plaintiff and other Black employees and its intentional failure to remedy such unequal treatment violates plaintiff's right to be free from such discrimination under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq*.

## SECOND CLAIM FOR RELIEF

39. Plaintiff refers to and incorporates by reference the allegations contained in paragraphs 1 through 38 and further alleges for a second claim for relief as follows:

40. Defendant has intentionally failed to provide plaintiff equal employment opportunities by discriminating against plaintiff on the basis of race with regard to treatment and promotions at NGSS.  NGSS's unequal treatment of plaintiff and other Black employees and its

Plaintiff Janice Lott's Complaint for
Injunctive and Declaratory Relief and Damages
No. 1:06-cv-00802-LG-RHW

12

intentional failure to remedy such unequal treatment violates plaintiff's right to be free from such discrimination under the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981.

## THE APPROPRIATENESS OF COMPENSATORY AND PUNITIVE DAMAGES

41. Defendant NGSS has caused plaintiff emotional distress and mental anguish as a proximate result of its illegal practices, and plaintiff is entitled to compensatory damages pursuant to the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

42. Similarly, defendant NGSS was aware that its actions with regard to plaintiff were in violation of federal statutes prohibiting discrimination on the basis of race, and therefore, plaintiff is entitled to punitive damages.

## PRAYER

WHEREFORE, plaintiff prays that this Court:

a) Declare pursuant to 28 U.S.C. §§ 2201 & 2202 the employment practices set forth in paragraphs 17 through 33 to be unlawful and in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* and the Civil Rights Acts of 1866, as amended, 42 U.S.C. § 1981;

b) Adjudge, decree, and declare that the practices of NGSS complained of herein are violative of the rights secured to plaintiff by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* and the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981;

c) Issue a preliminary and permanent injunction enjoining NGSS, its agents, successors, employees, attorneys, and those acting in concert with it from engaging in each of the unlawful practices set forth in paragraphs 17 through 33 and from continuing other practices found to be in violation of applicable law;

d) Direct NGSS to take such affirmative steps as are necessary to ensure that the effects of its unlawful employment practices are eliminated;

e) Enter a permanent mandatory injunction requiring that NGSS adopt employment practices in conformity with the requirements of Title VII of the Civil Rights Act

Plaintiff Janice Lott's Complaint for
Injunctive and Declaratory Relief and Damages
No. 1:06-cv-00802-LG-RHW

13

of 1964, as amended, 42 U.S.C. § 2000e *et seq.* and the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981;

f) Require that NGSS submit a comprehensive plan detailing how it plans to ensure fair and equitable job advancement opportunities for Black employees. The plan should also outline steps to be taken to ensure that jobs available remain open until the posting period has expired;

g) Require that NGSS institute a policy that affords equal opportunities for training and development. The policy should include the requirement that such training opportunities must be announced to the entire workforce as well as a procedure consisting of a rotation scheme and other procedures to ensure that training for job advancement is afforded to all those who are interested;

h) Grant equitable relief, including, but not limited to, back pay, sick pay, vacation pay, disability benefits, and seniority rights to plaintiff;

i) Grant such punitive, general, and special damages as proved at trial;

j) Award plaintiff the costs and litigation expenses of this action and reasonable attorneys' fees as provided for in section 706(k) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(k), and the Civil Rights Attorneys Fees Award Act of 1976, as amended, 42 U.S.C. § 1988; and

k) Grant such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiff hereby demands a trial by jury.

Dated:  September 20, 2006               SANDRA JARIBU HILL, Esq.
                                          Mississippi Workers Center for
                                              Human Rights

                                          WILLIAM C. MCNEILL, III, Esq.
                                             The Legal Aid Society-Employment
                                                  Law Center

Plaintiff Janice Lott's Complaint for                                                     14
Injunctive and Declaratory Relief and Damages
No. 1:06-cv-00802-LG-RHW

                                            Counsel for Plaintiffs


                            By:    /s/ William C. McNeill, III
                                     WILLIAM C. McNEILL, III, Esq.


William C. McNeill, III, Esq., MS Bar No. 42867, *Pro Hac Vice*
Denise M. Hulett, Esq., MS Bar No. 44672, *Pro Hac Vice*
Shelley A. Gregory, Esq., MS Bar No. 43443, *Pro Hac Vice*
The Legal Aid Society – Employment Law Center
600 Harrison Street, Suite 120
San Francisco, California 94107
(415) 864-8848

Sandra Jaribu Hill, Esq., MS Bar No. 10684
Mississippi Workers Center for Human Rights
213 Main Street
P.O. Box 1223
Greenville, Mississippi 38702-1223
(662) 334-1122

Plaintiff Janice Lott's Complaint for                                                        15
Injunctive and Declaratory Relief and Damages
No. 1:06-cv-00802-LG-RHW

## CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2006, I electronically filed the foregoing with the Clerk of the Court using the ECF System which sent notification of such filing to the following: Paul B. Eason; Maria Candace Burnette; Timothy W. Lindsay; Stephen A. Brandon.

I hereby certify that I have mailed by United States Postal Service the documents to the following non-ECF participants:

Tammi Liddell
3836 Prentiss St.
Moss Point, MS  39563

Willie B. Richmond
1608 Timberlane Road
Gautier, MS  39553

Edna M. Tubbs
P.O. Box 501
Escatawpa, MS  39552

  /s/ Laurel Kapros
Laurel Kapros

Plaintiff Janice Lott's Complaint for
Injunctive and Declaratory Relief and Damages
No. 1:06-cv-00802-LG-RHW

16